IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JANICE EMERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-6004-CV-SJ-GAF |
| | ) | |
| LINCOLN ELECTRIC HOLDINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Presently before the Court is Defendant Lincoln Electric Holdings, Inc.'s ("Defendant") Motion to Stay all Proceedings. (Doc. #11). Defendant requests that the Court stay further proceedings with respect to *pro se* Plaintiff Janice Emerson's ("Plaintiff") claim against it until either the Court rules on Defendant's pending Motion to Dismiss for Lack of Personal Jurisdiction (Doc. #4) or until the Judicial Panel on Multidistrict Litigation ("JPML") determines whether the case should be transferred to the United States District Court for the Northern District of Ohio.

"A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (*citing Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Under circumstances similar to those present in this case, courts have considered the following factors in determining whether a stay is warranted: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (*citing Am. Seafood v. Magnolia Processing, Inc.*, Nos. 92-1030, 92-1086, 1992

1

WL 102762, at *1-2 (E.D. Penn. May. 7, 1992)).  *See also St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings Corp.*, No. 08-373-JJF-LPS, 2009 WL 192457, at *2 (D. Del. Jan. 27, 2009).

In this case, potential prejudice to Plaintiff is minimal.  It is likely the duration of a stay would be short, either until the JPML makes its final determination on transfer or until the Court rules on Defendant's pending Motion to Dismiss.  The JPML has already issued an initial Transfer Order in relation to this case.  (Doc. #11, Ex. 2).  On the other hand, the potential for "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of [a] stay."  *Am. Seafood*, 1992 WL 102762, at *2 (*citing Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991); *& Portnoy v. Zenith Labs.*, No. 86-3512, 1987 WL 10236 (D.D.C. April 27, 1987)).

Further, a summary review of Defendant's Motion to Dismiss shows jurisdiction may well be lacking and, even absent a JPML transfer, refusal to grant a stay could cause Defendant to unnecessarily expend resources before jurisdictional issues are determined.  A stay of proceedings is routine where jurisdictional challenges are pending.  *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (*citing Enplanar, Inc. v. Marsh*, 11 F.3d 1284 (5th Cir.1994); *River Plate Corp. v. Forestal Land, Timber & Ry. Co.*, 185 F. Supp. 832 (S.D.N.Y. 1960) *& Defensive Instruments, Inc. v. RCA Corp.*, 385 F. Supp. 1053 (D.C. Pa. 1974)).

Finally, a stay would preserve the resources of this Court in the likely event either the JPML conclusively determines transfer is appropriate or that the Court determines jurisdiction is lacking.  Defendant's Motion to Stay is therefore GRANTED and proceedings in this case are stayed until the JPML transfer matter is conclusively determined.  If transfer does not occur, the stay will

2

continue until this Court has ruled on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. #4).

**IT IS SO ORDERED.**

s/ Gary A. Fenner<br>
Gary A. Fenner, Judge<br>
United States District Court

DATED:  **March 12, 2009**